James J. COYNE, Jr.; Margaret C. Laffey; Eugene J. Coyne; Katherine P. Coyne; Anne C. Holbach; Thomas A. Coyne; Eleanor C. Gallagher; Margaret C. Laffey, Executrix of the Estate of Grace U. Coyne, Deceased; Theresa L. Coyne; Margaret Smith; James J. Coyne; Patricia Dillman; Mark X. Coyne; and Eleanor T. Coyne, Appellants,

v.

**TOWN OF McCANDLESS.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1999.

Decided Aug. 25, 1999.

Thomas J. Dempsy, Pittsburgh, for appellants.

David F. Toal, Pittsburgh, for appellee.

Before DOYLE, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

James J. Coyne, Jr; Margaret C. Laffey; Eugene J. Coyne; Katherine P. Coyne; Anne C. Holbach; Thomas A. Coyne; Eleanor C. Gallagher; Margaret C. Laffey, Executrix of the Estate of Grace U. Coyne, Deceased; Theresa L. Coyne; Margaret Smith; James J. Coyne; Patricia Dillman; Mark X. Coyne; and Eleanor T. Coyne (collectively, Appellants) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) denying Appellants' motion for post-trial relief and making absolute a decree nisi entered against Appellants on June 30, 1997.

Appellants own approximately fifty-five acres of land, consisting of two tracts, in the Town of McCandless (the Town). On July 20, 1992, the Town enacted Ordinance No. 1075 (Ordinance) pursuant to the Transportation Partnership Act (Act).[1] The Ordinance creates a "transportation development district" known as the McKnight Road Transportation District (District) to provide for and fund the enlargement and construction of roads within the District.[2] The Ordinance provides funding for the transportation improvements by imposing an assessment upon each property within the District. *See* Section 3(a)(2) of the Act, 53 P.S. § 1623(a)(2).

The Ordinance contains a list of eighty-seven properties that are within the District. The list, which includes Appellants' property, was established based on a comprehensive traffic study and time savings analysis. Each property on the list received a credit towards its assessment, and property owners were permitted to make donations, such as rights-of-way or fill, to further reduce or eliminate their assessments. The net result, after considering credits and donations, is that only ten of the eighty-seven properties within the District are required to pay assessments. The Ordinance imposed an assessment of $1,904,826.86 on Appellants' properties.

On September 14, 1992, Appellants filed a complaint in equity with the trial court challenging the Act and the Ordinance as unconstitutional. After a series of preliminary objections, Appellants filed a Second Amended Complaint seeking declaratory and injunctive relief. The Second Amended Complaint essentially contends that the Act is unconstitutional on its face and as applied to Appellants' property and that the Ordinance is unconstitutional on its face and as applied to Appellants' property.

After a trial, the trial court filed an Adjudication and Decree Nisi, denying Appellants any relief. In addressing Appellants' challenges to the Ordinance, the trial court stated that most of them "will be addressed in a supplemental opinion."

---

1. Act of July 9, 1985, P.L. 187, *as amended*, 53 P.S. §§ 1621–1626.

2. Section 2(a) of the Act, 53 P.S. § 1622(a), states that the governing body of a municipality may create within the boundaries of the municipality a specific area designated as a "transportation development district" for the purpose of planning, financing, acquiring, developing, constructing and operating transportation facilities or transportation services within the district, provided that the proposed projects expand or improve existing transportation facilities or services.

(Trial ct. op. at 16.) The trial court reiterated at the end of its opinion that "several questionable provisions of the Ordinance ... still need to be addressed...." (Trial ct. op. at 18.)

Although the trial court promised a supplemental opinion addressing "questionable provisions of the Ordinance," Appellants filed a motion for post-trial relief on July 14, 1997 as a protective measure. (*See* R.R. at 835a, para. 6.) The trial court denied the motion on June 17, 1998 and ordered that the Decree Nisi be made absolute.

On appeal to this court, Appellants raise eight issues, only two of which the trial court addressed in its opinion.[3] The two issues are as follows: (1) whether the Act is invalid because its title is defective and because it improperly delegates legislative power; and (2) whether the entire Ordinance is invalid because the assessment on Appellants' property is invalid. We decline to address these issues because the trial court has not issued a final and appealable order in this case.

Rule 341 of the Pennsylvania Rules of Appellate Procedure provides that an appeal may be taken as of right only from the final order of a trial court. A final order is: (1) any order that disposes of all claims; (2) any order that is expressly defined as a final order by statute; or (3) any order that is entered as a final order pursuant to Rule 341(c). Pa. R.A.P. 341(b). Rule 341(c) states:

> When more than one claim for relief is presented in an action ... the trial court ... may enter a final order as to one or more but fewer than all of the claims ... only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims ... shall not constitute a final order.

Pa. R.A.P. 341(c).

In this case, Appellants raised various issues that were not addressed by the trial court. The trial court expressly stated that it would dispose of all claims made by Appellants in a supplemental opinion. Until the trial court has done so, there is no final and appealable order here.[4]

Accordingly, the appeal is quashed.[5]

## ORDER

AND. NOW, this 25th day of August, 1999, the appeal in the above-captioned matter is quashed. The Court of Common

---

3. The trial court has not yet addressed the first six issues raised by Appellants in their brief to this court. Appellants argue here that the Ordinance is invalid because: (1) it violates Appellants' Fourteenth Amendment right to due process and equal protection; (2) it includes exceptions, exclusions and preferences that are not allowed under section 3(a)(2) of the Act; (3) it violates the "general benefit" rule; (4) it violates the Eminent Domain Code; (5) it does not result in a fair and reasonable assessment under section 3(a)(2) of the Act; and (6) it forces property owners to pay for their own condemnation damages. Because the trial court addressed none of these issues, they are not ripe for review.

4. The order in question here, dated June 17, 1998, denies post-trial relief to Appellants and makes the June 30, 1997 Decree Nisi abso-lute. (R.R. at 840a.) The June 30, 1997 Decree Nisi states that, the trial court having concluded that the Act and the Ordinance are not unconstitutional, Appellants' request for declaratory and injunctive relief is denied. (R.R. at 794a.) Thus, the June 17, 1998 order only disposes of Appellants' constitutional claims.

Appellants could have applied for a determination of finality under Rule 341(c), but Appellants failed to do so. Rule 341(c) allows a party to apply for a determination of finality within 30 days of the entry of an order.

5. Although we could resolve two issues here, it might be a fruitless exercise because Appellants may actually prevail on one or more of the remaining issues before the trial court and thereby obtain the relief that they seek here. Therefore, we quash the entire appeal.

Pleas of Allegheny County shall issue its supplemental opinion within sixty days of the date of this order.

Judge McGINLEY did not participate in the decision in this case.